UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY C. ODOM, )
)
Plaintiff, )
)
v. ) No. 3 06-0180
) Judge Trauger
SHAWN JENSEN, ET AL., )
)
Defendants. )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. The plaintiff brings this action under 42 U.S.C. § 1983 against Shawn Jensen and John Jones, both of whom are detectives with the Murfreesboro Police Department. The plaintiff alleges unspecified violations of his civil rights.

Owing to its brevity, the factual allegations in this action are quoted below in their entirety:[1]

> On the said date of 4-26-04 and 4-30-04 These tapeing need's to come to Federal Court when I go before the Magistrat[e] Judge[.] Det. John Jones, Shawn Jensen is trying to give me ten years for what they call an indictment. Uhonor I feel that my civil right has been violated for my relief and this honorable court being at my request to view these 2 tapes I will have a better chance it being justified.

(Complaint, ¶ IV, p. 5) Although the complaint is unclear, it appears the "tapes" that the plaintiff wants the court to view are video and/or audio tapes that pertain to his present incarceration.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v Brooks*,

---

[1] Unnecessary and improper capitalization has been omitted from the statement of the facts

436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A search of local records has revealed that the plaintiff has never been convicted in the United States District Court for the Middle District of Tennessee, nor is he presently on trial or under federal criminal indictment in this district. Accordingly, the court liberally construes the complaint to allege that state criminal charges against the plaintiff are pending/ongoing.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not intervene in pending/ongoing state criminal proceedings where such intervention would disrupt the comity between federal and state courts. *Id.* at p. 46. Instead, *Younger* established the general principle that, in cases seeking to intervene in state criminal proceedings, federal courts should not exercise jurisdiction but should dismiss the case instead. *See Watts v. Brukhart* 854 F.2d 839, 844 (6th Cir. 1988)(citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

2

Abstention in favor of state courts is proper where: 1) state proceedings are ongoing; 2) an important state interests is implicated; 3) there is an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). If, however, a plaintiff demonstrates extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

Each of the three factors enumerated above favors abstention. Specifically, the criminal proceedings against the plaintiff are ongoing, an important state interest exists in permitting a state to prosecute state criminal actions unencumbered by federal intervention, and given the apparent stage of the state proceedings, there will be adequate opportunity for the plaintiff to raise any constitutional challenges that he might have either on direct or collateral review. In addition to the foregoing, the plaintiff does not allege bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would warrant equitable relief. For these reasons, the court declines to make an exception to the *Younger* abstention doctrine.

As reasoned herein, this action will be dismissed for failure to state a claim on which relief may be granted. An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge